UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN BAILEY, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | **PLAINTIFF'S COLLECTIVE** |
| TEKFOR, INC. | ) ) | **ACTION COMPLAINT** |
| Defendant. | ) ) ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Robin Bailey, by and through counsel, for her Collective Action Complaint against Defendant, Tekfor, Inc., states and alleges the following:

## INTRODUCTION

1.     This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. "Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.     At all times relevant, Plaintiff Robin Bailey was a citizen of the United States. Plaintiff has worked for Defendant as an hourly non-exempt employee in Defendant's Wooster, Ohio plant in this district and division.

6.     Defendant is a foreign corporation formed under the laws of the State of Delaware.

7.     Defendant is registered to do business in the State of Ohio. Defendant regularly conducts business in the State of Ohio.

8.     Defendant's statutory agent is CC&J Agents, Inc., 225 N. Market St, Wooster, Ohio 44691.

## FACTUAL ALLEGATIONS

9.     At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.     Defendant's hourly employees included Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

11.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     Defendant manufactures precision machine parts.

13.     Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) are current or former hourly employees of Defendant.

14.     They were paid hourly wages as well as regular, reoccurring incentive payments pursuant to the Company's Incentive Compensation Program.  These bonuses were non-discretionary but were not included in the hourly employees' overtime rates.

15.     Plaintiff and the Potential Opt-Ins frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

**Defendant's Miscalculation of Overtime Compensation**

16.     The FLSA required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including regular, reoccurring incentive payments like the payments pursuant to the Company's Incentive Compensation Program.  29 U.S.C. § 207(e)(3); 29 C.F.R. 778.208, 778.217.

17.     Defendant unlawfully excluded certain these incentive payments that it paid to its hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

**COLLECTIVE ACTION ALLEGATIONS**

18.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

20.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who received incentive payments pursuant to the Company's Incentive Compensation Program, and who worked more than forty hours in one or more workweeks during which they earned such incentive payments.

21.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of excluding incentive payments from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

22.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

23.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 200 persons.  Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## <u>COUNT ONE</u>
### (FLSA Overtime Violations)

24.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached to this Complaint as **Exhibit A**.

26.     The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate."  29 U.S.C. § 207(a)(1).

27.     Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

28.     Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the Potential Opt-Ins by excluding incentive payments from the calculation of their "regular rates."  These incentive payments were non-discretionary and promised to Plaintiff and the Potential Opt-Ins as part of their compensation.

29.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

30.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Enter judgment against Defendant and in favor of Plaintiff and other members of the FLSA Collective;

C.    Award compensatory damages to Plaintiff and other members of the FLSA Collective in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and,

D.    Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

NILGES DRAHER LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage Street, N.W., Suite D
Massillon, Ohio  44646
Telephone:     (330) 470-4428
Facsimile:      (330) 754-1430
Email:           hans@ohlaborlaw.com
                    sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

<u>/s/ <i>Hans A. Nilges</i>    </u>
Hans A. Nilges (0076017)
