# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBIN BAILEY, on behalf of herself and others similarly situated, | ) )  CASE NO. 5:18-cv-00771 |
| Plaintiff, | ) ) ) MAGISTRATE JUDGE KATHLEEN B. BURKE |
| vs. | ) ) |
| TEKFOR, INC., | ) **JOINT MOTION FOR APPROVAL OF** ) **SETTLEMENT AND STIPULATION OF** ) **DISMISSAL WITH PREJUDICE** |
| Defendant. | ) ) |

## I. INTRODUCTION

Representative Plaintiff, Robin Bailey, and Defendant, Tekfor, Inc. ("Defendant"), respectfully move this Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as **Exhibit A**. The Settlement was reached by experienced counsel during arms-length, good faith negotiations. If approved, it will provide individual payments to the Representative Plaintiff and 28 Opt-In Plaintiffs (collectively, "Plaintiffs").

The settlement documents submitted for approval or entry by the Court consist of the following:

**Exhibit A:** Joint Stipulation of Settlement and Release with Exhibits.

**Exhibit B:** Order of Dismissal and Approving Settlement

**Exhibit C:** Declaration of Shannon M. Draher

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## II.	FACTUAL AND PROCEDURAL BACKGROUND

A.	The Action and Settlement.

Representative Plaintiff, Robin Bailey, filed this action, on behalf of herself and other similarly situated employees, on April 5, 2018. She alleged that Defendant failed to include non-discretionary incentive payments in its hourly employees' regular rates of pay for purposes of computing overtime compensation. (Doc. No. 1). A few months after the case was filed, the Court entered an Order approving the Parties' Joint Proposed Stipulation for Conditional Certification. Following the distribution of the Court-Approved Notice, 28 current and former additional employees joined this case. These employees and the Representative Plaintiff will referred collectively as "Plaintiffs"..[1] (Doc. No. 24). (Draher Declaration, ¶ 9).

The Parties agreed to an early resolution of this case. To that end, Defendant produced payroll data necessary for a damages calculation for each of the Plaintiffs. (Draher Declaration, ¶ 10). Defendant also performed its own damages calculation, which it shared with Plaintiffs. (Draher Declaration, ¶ 10). Plaintiffs' data analyst reviewed and approved Defendant's calculation. (Draher Declaration, ¶ 10).

The Parties have reached an agreement to settle this case for $18,578.40.

B.	The Settlement Terms.

If approved by the Court, the Settlement will cover the 29 Opt-In Plaintiffs, including the Representative Plaintiff. (*See* **Exhibit A**). The total settlement amount is $18,578.40, which sum will cover: (a) all of the individual payments to the Plaintiffs; (b) Representative Plaintiff's Service Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses. (Draher Declaration, ¶ 13).

---

[1] One Opt-In, withdrew her Consent to Join form. (Doc. No. 28).

$3,648.40 of the settlement amount will be divided into individual payments to the Plaintiffs. Plaintiffs' individual payments are based on his/her alleged underpaid overtime during the period of July 1, 2015, through March 31, 2018. Plaintiffs' individual payments represent 100% of their alleged underpaid overtime during the period of April 1, 2016, through March 31, 2018, and 50% of their alleged underpaid overtime during the period of July 1, 2015, through March 31, 2016. In addition, Plaintiffs' individual payments represent 50% of Plaintiffs' alleged underpaid overtime during the period of July 1, 2015, through March 31, 2018 for liquidated damages. (Draher Declaration. at ¶ 14).

Thus, each Plaintiff will receive 150% of their alleged underpaid overtime during the two-year limitations period and 100% of their alleged underpaid paid overtime during the third-year period. The individual payments are provided in Exhibit 1 to the Settlement Agreement. (Draher Declaration. at ¶ 14). Each Plaintiff will receive a minimum payment of $10.00 for his/her alleged underpaid overtime.

$3,000.00 of the settlement amount will be paid to Representative Plaintiff as a Service Payment, in addition to her individual payment.

$11,925 of the settlement amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($10,750 in fees and $1,175 in expenses) incurred in the Action. (Draher Declaration at ¶ 16). This amount represents approximately 75% of the actual fees incurred by Plaintiffs' Counsel in this case. (Draher Declaration. at ¶ 16).

Plaintiffs will be required to execute a Settlement Release as a condition to receiving his or her settlement payment. A copy of the Release is attached to the Agreement as Exhibit 2.

In exchange for these payments and other consideration provided for in the Agreement, the Action will be dismissed, and the Plaintiffs will release Defendant from all individual, class, and/or

3

collective federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under FLSA and 4111 et seq., and/or other Federal, State, and Local law whether the claims are bought or could have been brought in Court or through arbitration pursuant to a collective bargaining agreement, that were asserted in the Action or that relate to, or arise from, the Defendant's alleged failure to include non-discretionary incentive payments in regular rate, including but not limited to claims for unpaid wages, unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, or any other item of damages, interest, attorneys' fees, and expenses and agree that any payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with their representation in the Action. A proposed Order of Dismissal and Approving Settlement is attached hereto as **Exhibit B**.

### III. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Shannon M. Draher, and as explained below, Court approval is warranted on all scores.

#### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

4

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3.  As shown below and in the Declaration of Shannon M. Draher, this standard supports approval of the Settlement.

### 1) No Indicia of Fraud or Collusion Exists

The Parties' counsel each have experience litigating FLSA claims.  The Agreement was achieved only after arms-length and good faith negotiations between the Parties.  As such, there is no indicia of fraud or collusion.

### 2) The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here.  Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.  Moreover, the Parties continue to disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful

5

violations applied. In addition, they disagree about whether Defendant acted in good faith. (Draher Declaration, ¶ 23).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, litigation. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Draher Declaration, ¶ 20).

### 3) Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. After filing the Action, the Parties engaged in an informal exchange of limited discovery. (Draher Declaration, ¶ 10).

### 4) The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (Draher Declaration, ¶¶ 18-20, 23).

### 5) Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

### 6) Experienced Counsels' Views Favor Approval

6

The Parties' counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declaration of Shannon M. Draher.  (Draher Declaration, ¶ 18).

B.     **The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable."  *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).  All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

1)     **The Individual Payments Are Reasonable and Adequate**

All individual payments will be calculated proportionally on each Plaintiff's alleged overtime damages during the relevant period.  Plaintiffs' individual payments are based on his/her alleged underpaid overtime during the period of July 1, 2015 through March 31, 2018.  Plaintiffs' individual payments represent 100% of their alleged underpaid overtime during the period of April 1, 2016, through March 31, 2018, and 50% of their alleged underpaid overtime during the period of July 1, 2015, through March 31, 2016.  In addition, Plaintiffs' individual payments represent 50% of Plaintiffs' alleged underpaid overtime during the period of July 1, 2015, through March 31, 2018 for liquidated damages. (Draher Declaration. at ¶ 14).

2)     **Representative Plaintiff's Service Award Is Proper and Reasonable**

7

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). See also *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiff contributed time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. Her time and efforts support the requested service payment. In addition, she is signing a general release of claims in exchange for her service payment. (Draher Declaration, ¶ 15).

### 3) The Attorneys Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The Settlement reflects Defendant agreement to pay Plaintiffs' Counsel $11,925 in attorneys' fees and costs ($10,750 in attorneys' fees and $1,175 in costs). This amount represents approximately 75% of the actual fees incurred by Plaintiffs' Counsel in this case. (Draher Declaration, ¶ 16).

The attorneys' fees requested by Plaintiffs' Counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Plaintiffs were at great risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval.

### IV. CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

Dated: November 30, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Shannon M. Draher | /s/ Peggy J. Schmitz |
| Shannon M. Draher (0074304) | Peggy J. Schmitz (0023932) |
| Hans A. Nilges (0076017) | Kimberly L. Hall (090677) |
| **Nilges Draher LLC** | **Critchfield, Critchfield & Johnston, Ltd.** |
| 7266 Portage St., N.W., Suite D | 225 North Market Street; P.O. Box 599 |
| Massillon, Ohio  44646 | Wooster, Ohio 44691 |
| (330) 470-4428 – Telephone | (330) 264-4444 –Telephone |
| (330) 754-1430 – Facsimile | (330) 263-9278- Facsimile |
| sdraher@ohlaborlaw.com | E-mail: schmitz@ccj.com; |
| hans@ohlaborlaw.com | khall@ccj.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant Tekfor, Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2018, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/Shannon M. Draher*
                                      Shannon M. Draher (0074304)
                                      *Counsel for Plaintiffs*